# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### ST. JOSEPH DIVISION

| | | |
|---|---|---|
| CHRIS SIDA and CSM SALES AND MARKETING, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 5:21-CV-06146-DGK |
| v. | ) ) | |
| MARK D. MURPHY and MLF, LLC, | ) ) | |
| Defendants. | ) ) | |

## ORDER DENYING DEFENDANTS' MOTION TO SEAL FILINGS

This case arises from Plaintiffs' allegations that Defendants committed legal malpractice which resulted in a Missouri state court entering default judgment against them for failure to comply with Missouri's Rules of Civil Procedure and the court's orders. Now before the Court is Defendants' Motion to Seal All Filings Made Herein Pertaining to the Undersigned's Ability to Practice Law. ECF No. 13.

Defendants argue that Plaintiffs have made numerous filings in which they falsely and frivolously alleged that Defendant Mark Murphy ("Murphy") is not authorized to practice law before this Court. They request that the Court strike all filings discussing whether he is authorized to practice law in this Court, namely ECF Nos. 7-12 and Defendants' forthcoming Reply in Support of Their Motion to Compel Arbitration, as well as the pending motion and Plaintiffs' response to it. Plaintiffs oppose the motion, arguing Defendants have not shown a compelling need to seal the documents which overcomes the presumption of keeping court records open for public view.

As discussed in a companion order, Mr. Murphy is an attorney who was suspended from the practice of law by the state bars of Kansas and Missouri but has not been disciplined by this

Court, and so he is authorized to practice before it.[1]  That said, because Local Rule 83.6 essentially

creates a presumption that this Court will impose reciprocal discipline on an attorney who has been

disciplined by another court, Plaintiffs had a good-faith basis to allege he was not authorized to

practice before this Court when they filed their motions and briefs.  So Plaintiffs' filings are not

frivolous or otherwise sanctionable, and they should not be stricken.

The Court also sees no reason to seal the record in this case.  There is a common law

presumption that judicial records are open to the public.  *Nixon v. Warner Commc'ns, Inc.*, 435

U.S. 589, 597 (1978).  This presumption is based not only on the values underlying the free-speech

and free-press clauses of the First Amendment, but also on the fact that the public cannot

adequately monitor the judiciary's performance if records of judicial proceedings are kept secret.

*Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) (Posner, J.).  This presumption may be

overcome only by showing a compelling need to seal documents, such as if the court's files "have

become a vehicle for improper purposes," or if the documents in question reveal trade secrets or

could compromise someone's personal safety.  *Nixon*, 435 U.S. at 598; *see, e.g.*, *IDT Corp. v.

eBay*, 709 F.3d 1220, 1223–24 (8th Cir. 2013) (finding a company's "confidential and

competitively sensitive information" warranted sealing the complaint); *Goff v. Graves*, 362 F.3d

543, 550 (8th Cir. 2004) (recognizing the protection of a confidential informant as a compelling

government interest justifying the reception of evidence under seal).  Ultimately, in determining

---

[1] The Kansas Supreme Court suspended Murphy on October 16, 2020, for representing both the buyer and seller in the sale of a business that occurred in 2004.  The complaint was not filed against him until 2016.  The Missouri Supreme Court imposed reciprocal discipline on August 31, 2021.  The Tenth Circuit decided that because of the delay in bringing the ethics charge and because Mr. Murphy rarely appeared before it, a reciprocal suspension would have little practical effect and was not warranted under the circumstances.  The United States District Court for the District of Kansas also held that a suspension would have little practical effect and declined to enter a reciprocal order of discipline, but publicly reprimanded Murphy for his behavior in the 2004 transaction.  Whether this Court—the United States District Court for the Western District of Missouri—should impose reciprocal discipline is an issue which is currently pending.

whether to seal documents, the Court must balance "the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223.

In the present case, while the documents reference an embarrassing moment in Murphy's professional life, they are not unfairly embarrassing, much less scandalous, and when read together with the Court's Order denying Plaintiffs' motion to strike, they accurately report the facts. Accordingly, the presumption in favor of openness has not been rebutted, and so the motion is DENIED.

Defendants shall formally file their reply in support of their motion to compel arbitration on or before April 27, 2022.

**IT IS SO ORDERED.**

Date: April 20, 2022

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT