# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| CHRIS SIDA and CSM SALES AND MARKETING, LLC, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 5:21-CV-06146-DGK<br>)<br>) |
| v. | )<br>) |
| MARK D. MURPHY and MLF, LLC, | )<br>)<br>) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION

This case arises from Plaintiffs' allegations that Defendants committed legal malpractice which resulted in a Missouri court entering default judgment against them for failure to comply with Missouri's Rules of Civil Procedure and the court's orders.

Now before this Court is Defendants' Motion to Compel Arbitration. ECF No. 11. Because Plaintiffs essentially pled the parties had an agreement to arbitrate, the motion is GRANTED.

Defendants argue the express terms of Plaintiffs' engagement letter requires them to arbitrate all disputes, so arbitration is mandatory. In response, Plaintiffs point out that the engagement letter Defendants attached to the motion is not signed by any party, and Defendants have not attached any affidavits or other evidence to their motion from which the Court could conclude that the parties did, in fact, agree to arbitration.

In their reply, Defendants note that Plaintiffs plead in paragraph seventeen of the Complaint that the parties entered into a written contract, and Plaintiffs attached that contract to the Complaint as an exhibit. Page four of that exhibit is titled "THE MURPHY LAW FIRM STANDARD TERMS OF ENGAGEMENT." On this page is a paragraph, captioned in bold

"Governing Law and Arbitration," which contains the arbitration provision. Relevant to the pending motion, this paragraph states, "[i]n the event of any dispute, claim, question, or disagreement arising from or relating to this agreement or the breach thereof, including but not limited to any alleged professional malpractice or negligence," the parties shall use their best efforts to settle the dispute. Compl. Ex. B, at 4. If the parties cannot settle the dispute, it "shall be finally settled by arbitration administered by the American Arbitration Association . . ." *Id*. Finally, at the bottom of the page it states in all bold: **THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVSION WHICH MAY BE ENFORCED BY THE PARTIES.**

Arbitration is strongly favored under federal law. *See Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001). Congress enacted the Federal Arbitration Act ("FAA") to overcome courts' traditional reluctance to enforce arbitration agreements. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 270 (1995). The FAA provides that arbitration agreements are presumptively valid and enforceable,[1] and it embraces a "liberal federal policy favoring arbitration agreements." 9 U.S.C. § 2; *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). The FAA provides for stays of proceedings in federal district courts when an issue is referable to arbitration, and for orders compelling arbitration when one party has failed, neglected, or refused to comply with an arbitration agreement. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991).

To determine whether a particular dispute must be arbitrated, a court must decide (1) whether there is a valid agreement to arbitrate; and, if so, (2) whether the dispute falls within the scope of the agreement. *Simmons Foods, Inc. v. H. Hahmood J. Al-Bunnia & Sons Co.*, 634 F.3d

---

[1] "A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

466, 468 (8th Cir. 2011) (citing *Lyster*, 239 F.3d at 945). "State contract law governs the threshold question of whether an enforceable arbitration agreement exists" between the litigants. *Bank of Am., N.A. v. UMB Fin. Servs., Inc.*, 618 F.3d 906, 912 (8th Cir. 2010). In this case, Plaintiffs pled in the Complaint that they had a written contract with Defendants, and they attached the contract to the Complaint, thereby making it part of the Complaint. The contract contains what is very clearly an arbitration provision. And the dispute in this lawsuit—whether Defendants committed malpractice—falls within the scope of that agreement. Consequently, Defendants have demonstrated that a valid agreement to arbitrate exists.

Defendants' Motion to Compel Arbitration, ECF No. 11, is GRANTED.

The Court ORDERS Plaintiffs to submit their claims to arbitration before the American Arbitration Association in accordance with the provisions of its Commercial Arbitration Rules, as set forth in Exhibit B to Plaintiffs' Complaint.

This case shall be stayed while the parties pursue arbitration. The parties shall file an update with the Court every ninety days on the status of the arbitration.

**IT IS SO ORDERED.**

Date: April 29, 2022  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT